KAHN & FELDMAN, INC., A CORPORATION, AND NATIONAL SILK DYEING CO., A CORPORATION OF NEW JERSEY, PLAINTIFFS-RESPODENTS, v. UNITED PIECE DYE WORKS, DEFENDANT-APPELLANT.

Submitted May 2, 1939—Decided July 27, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the plaintiffs-respondents Kahn & Feldman, Inc., *Evans, Smith & Evans* (*David G. Smith,* of counsel).

For the plaintiffs-respondents National Silk Dyeing Co., *Davies & Davies* (*Frank J. Davies,* of counsel).

For the defendant-appellant, *Harry Joelson* (*Merritt Lane,* of counsel).

The opinion of the court was delivered by

PORTER, J. This is an appeal from a judgment of the Bergen County Circuit Court found by Judge Caffrey, sitting without a jury, in favor of both plaintiffs-respondents.

It appears that the respondent Kahn & Feldman, Inc. (hereinafter called Kahn) on February 4th, 1932, sued out a writ of attachment against Astoria Silk Works, Inc. (hereinafter called Astoria); that the sheriff of Bergen county attached certain silk goods in the possession of defendant, United Piece Dye Works (hereinafter called United); an auditor was duly appointed; plaintiff-respondent National Silk Dyeing Co. (hereinafter called National) became an applying creditor; and judgment was entered in the attachment suit on August 17th, 1932, in favor of the plaintiff-respondent Kahn for $755.41 and in favor of plaintiff-respondent National for $11,649.09. It was agreed by the parties that the attached goods were valued at the sum of $22,500 and further, that if the plaintiffs prevailed in the instant proceedings the amount of the judgment would be $15,000. The defendant's status at the time the goods in its possession were attached was that of garnishee.

The attached silk goods were produced by Astoria and sent to United to be dyed or "processed." Astoria was largely financed in its manufacturing operations by its bankers or factor L. F. Dommerich & Co. (hereinafter called Dommerich). Both Astoria and Dommerich had their offices and places of business in New York State. At the time of the attachment of these goods Astoria and Dommerich desiring to place same on the market for sale requested United to release same for that purpose, which, upon proper indemnification, was done.

On September 12th, 1932, plaintiffs-respondents sued out a writ of special *scire facias* under the provision of the statute, *R. S.* 2:42-67. Defendant pursuant to *R. S.* 2:42-70 appeared and plead thereto that it had no goods of Astoria in its possession, in effect a denial that the attached goods were those of Astoria. Dommerich claimed a lien on the goods as Astoria's factor.

The issue raised was whether or not the title to the silk was vested in Astoria. The attachment could only be sustained on that theory. The attorneys tried the case entirely on that assumption and we think properly so.

The proofs on this question of title raised factual questions for the court as the fact-finder. These findings of fact are not reviewable on appeal. It is argued by defendant-appellant that the facts are undisputed and that the court's findings were on questions of law and were in error.

We think not. While many facts were not in dispute it seems to us that the basic fact of ownership or title to the goods was, under the proofs, disputed.

It seems clear from the testimony that United considered Astoria, with sufficient reason, as the owner of the goods and dealt with it as such. The goods were manufactured by Astoria and were sent to United for completion of manufacture, to be made ready for the market, and to be sold by Astoria. We conclude that there was sufficient proof to fully justify the trial court's finding that the title to the goods was at the time of the attachment in Astoria.

It appears that there was in effect at the time of the attachment an agreement of factoring between Astoria and Dommerich. The agreement was dated July 17th, 1931. It provided that Dommerich were sole factors for Astoria and were to make "reasonable advances" from time to time upon security of merchandise "consigned to" Dommerich and that the latter "shall at all times have a general lien upon said consigned goods and the proceeds of sale thereof." The goods were to be in the "legal possession and control of" Dommerich, but were to be sold by Astoria, for which Dommerich were to be in no way responsible.

This agreement did not, in our view, vest the title of the goods in Dommerich. It seems to us that Dommerich's case depends entirely on the effect of this agreement. It must show a right to the goods paramount to that of attaching creditors. Under the facts as found by the trial court it failed to do so. Under the statute, as observed before, the title to the goods was the issue raised. The attaching creditors claimed the same was in Astoria, while United and Dommerich claimed same to be in the latter. Suppose Dommerich did have a lien on the goods, it seems to us that the nature of the lien must be clearly established and to be superior to the claim of attaching creditors to justify the surrender of the

goods to Dommerich, a third party, by the garnishee under the statutory plea of no title in Astoria.

Whether or not Dommerich had a lien on the goods in New York valid against creditors of Astoria is entirely beside the point. But even if that were it such lien would not be enforceable in this state under the facts as found.

The salient facts were that the goods were within this jurisdiction and subject to our laws; that the title to them was in Astoria, even though pledged to Dommerich and subject, as between the parties to the terms of the agreement of July 17th, 1931; and they were subject to attachment by creditors of Astoria in this state.

The judgment appealed from is affirmed.